UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BRANT DERRICK CHRISTIAN, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:10-CV-44-SNLJ |
| McCOY'S SCRAP PROCESSING, | ) |
| Defendant. | ) |

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Brant Derrick Christian for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915 (a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (a).

**Title 28 U.S.C. § 1915 (e)**

Pursuant to 28 U.S.C. § 1915 (e) (2) (B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must

also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks monetary relief pursuant to 42 U.S.C. § 2000e against McCoy's Scrap Processing for sexual discrimination. Plaintiff submitted his action on one of this Court's standard "Complaint" forms for pro se litigants; however, the generic complaint does not provide the Court with sufficient information to review his employment discrimination claim under 28 U.S.C. § 1915(e)(2)(B).[1] Taking into consideration the fact that plaintiff is proceeding pro se and in forma pauperis, the Court will grant him time to file an amended complaint as set forth below. Plaintiff is advised that the amended complaint supersedes the original complaint, and will be the only complaint the Court reviews.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk receive and file the complaint in this action without payment of the required filing fee. See 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint at this time.

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff with a copy of the Court's employment discrimination complaint form for pro se litigants.

**IT IS FURTHER ORDERED** that plaintiff shall have thirty (30) days from the date of this order to file an amended complaint on the Court's employment discrimination complaint form.

---

[1] The Court has a specific complaint form for employment discrimination actions. Because plaintiff did not use the Court's employment discrimination complaint form, it is unclear under what statutes he intends to bring his cause of action and whether he has filed a charge of discrimination with the Missouri Commission on Human Rights and/or the Equal Employment Opportunity Commission.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Court's order, the Court will dismiss this action without prejudice.

Dated this 22nd day of March, 2010.

_____
**UNITED STATES DISTRICT JUDGE**